UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| THOMAS GADDY and CAROL GADDY, ) <br> ) <br> Petitioners, ) <br> v. ) <br> ) <br> GEORGE DWAIN LAND, CLAYTON SMITH, ) <br> CHAD REESE, STEPHEN T. GREER, RUSSELL ) <br> ANNE SWAFFORD, CARA RAINS SAPP, BILL ) <br> DENNIS, EARL GEARY, JR., GEORGE ) <br> WAGNER, J. CURTIS SMITH, JEFFREY F. ) <br> STEWART, and THOMAS W. GRAHAM, ) <br> ) <br> Respondent. ) | No. 1:17-CV-223-TWP-SKL |

## **MEMORANDUM**

On August 14, 2017, Thomas Gaddy and Carol Gaddy ("Petitioners") filed a joint petition for writ of habeas corpus along with a $5.00 filing fee [Doc. 1]. This matter is now before the Court on Petitioners' pro se response to this Court's show cause order [Doc. 6].

On December 13, 2017, Petitioners were ordered to show cause as to why this case should not be dismissed for failure to prosecute based on Petitioners' failure to refile their complaint on the court-approved form provided to them by the Clerk's Office [Doc. 5]. Within the time frame set by the Court, Petitioners' filed a response to the show cause order on December 29, 2017 [Doc. 6]. However, Petitioners' response failed to express any cause for Petitioners' failure to follow the Court's prior order, but rather merely attached a new "Complaint" after a short paragraph of their previously alleged constitutional violations [Doc. 6].

Within Petitioners' attached pleading, they allege that the twelve Defendants engaged in a conspiracy directed at depriving them of rights guaranteed under the United States Constitution and the Tennessee Constitution [Doc. 6-1]. Petitioners, however, previously filed a lawsuit arising out of substantively identical claims, which this Court dismissed for failure to state a claim. *See, Gaddy v. Land, et al.*, 1:17-CV-24 (E.D. Tenn. July 12, 2017). There can be no reasonable dispute that the attached complaint [Doc. 6-1] filed in the instant lawsuit is duplicative of Petitioners' complaint filed in Case No. 1:17-CV-24-TRM-CHS. Upon review of Petitioners' complaint in the present action, it is clear that the complaint is merely a photocopy of Petitioners' complaint filed in Case No. 1:17-CV-24-TRM-CHS. In fact, Petitioners did not even change the style of the complaint to reflect the new case number, as the newly attached complaint still has the previously dismissed case number 1:17-CV-24-TRM-CHS.

The doctrine of res judicata prevents "the parties and their privies from relitigating in a subsequent proceeding a controversy or issue already decided by a prior valid judgment and from litigating piecemeal the same controversy." *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). "A completely duplicative complaint lacks an arguable basis either in law or in fact and, [is] therefore . . . properly dismissed on the basis of res judicata." *Taylor v. Reynolds*, 22 F. App'x 537, 539.

Accordingly, the doctrine of res judicata bars these claims, and as such, Petitioners' attached complaint lacks an arguable legal basis to proceed in this action. The Court will **DISMISS** this action for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The Clerk will be **DIRECTED** to terminate all pending motions.

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER.

_s/ Thomas W. Phillips_____
Senior United States District Judge